**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TONI CAIAZZO NEFF,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PKS HOLDINGS, LLC;<br>PURSHE KAPLAN STERLING INVESTMENTS, INC.;<br>MHC SECURITIES, LLC;<br>WENTWORTH MANAGEMENT, LLC;<br>J. PETER PURCELL, *individually*;<br>DAVID PURCELL, *individually*;<br>LISA LAFOND, *individually*;<br>PETER SHEEHAN, *individually*;<br>ALEX MARKOWITS, *individually*;<br>RYAN MORFIN, *individually; and*<br>KATHERINE FLOUTON, *individually*,<br><br>　　　　　Defendants. | CIVIL ACTION NO.:<br>18-cv-01826 |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

　　　　Defendants PKS Holdings, LLC, Purshe Kaplan Sterling Investments, Inc., MHC Securities, LLC, Wentworth Management, LLC (collectively, the "Corporate Defendants"), J. Peter Purcell, David Purcell, Lisa LaFond, Peter Sheehan, Alex Markowits, Ryan Morfin, and Katherine Flouton (collectively, the "Individual Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by Plaintiff Toni Caiazzo Neff (hereafter, "Plaintiff" or "Ms. Neff"), in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). As directed by the Court, Defendants submit this memorandum of law within ten (10) days of filing their initial motion papers.[1]

---

[1] As noted in Defendants' initial motion papers, on August 14, 2018, counsel for Defendants participated in a telephone call with counsel for Plaintiff and advised him of the fact that Defendants intended to file the present motion to dismiss and the anticipated grounds for the motion.

1

## STATEMENT OF FACTS

Because this motion to dismiss is made pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants assume solely for purposes of this motion (and without conceding) that all non-conclusory and non-speculative allegations in the Complaint are true. Notwithstanding this fact, as demonstrated below, Defendants respectfully submit that the allegations in the Complaint are insufficient, as a matter of law, to establish personal jurisdiction over Defendants and/or to state a plausible claim upon which relief could be granted.

## STATEMENT OF QUESTIONS INVOLVED

1. Do any of the Defendants have sufficient minimum contacts with Pennsylvania such that this Court may exercise personal jurisdiction over them?

2. Is Plaintiff's Dodd-Frank whistleblower claim (First Cause of Action) precluded by the Supreme Court's recent holding in *Digital Realty Trust, Inc. v. Somers*, and its progeny?

3. If the Court dismisses Plaintiff's lone federal claim, should it decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law causes of action?

4. In the event that this Court retains supplemental jurisdiction over Plaintiff's state-law causes of action, should those causes of action be dismissed for failure to state a plausible claim?

5. If any claims survive the grounds for dismissal in questions 1 through 4 above, must those claims still be dismissed, pursuant to Rule 12(b)(6), for failure to satisfy the applicable pleading requirements?

## SUMMARY OF ARGUMENT

The claims asserted in this action principally arise from the termination of Plaintiff's at-will employment with Defendant Purshe Kaplan Sterling Investments, Inc. (hereafter, "PKS"), which was part of a larger, planned reduction in force impacting multiple employees.

Notwithstanding this fact, Plaintiff now alleges that her termination was in retaliation for engaging in what she claims was protected activity—chiefly in the form of a report that she supposedly made to the Financial Industry Regulatory Authority ("FINRA") prior to her termination. While Plaintiff does not allege in her Complaint that anyone at PKS (or anyone affiliated with PKS) knew that she made this alleged report to FINRA, she has nonetheless launched this scorched-earth lawsuit against all eleven (11) of the named Defendants, including the four Corporate Defendants and seven Individual Defendants.

As demonstrated in further detail below, however, Plaintiff's Complaint fails, as a matter of law, and should be dismissed for several compelling reasons. Preliminarily, as demonstrated below in Point I, Plaintiff has not established that the exercise of personal jurisdiction by this Court over any of the Defendants is proper in this case.

Moreover, even if there was personal jurisdiction over any of the Defendants, Plaintiff's claims should still be dismissed for multiple reasons. First, Plaintiff's sole federal claim—purportedly arising under the anti-retaliation provisions of the Dodd-Frank Act—is indisputably precluded by the Supreme Court's recent decision in *Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767 (2018), as discussed in Point II, below.

Once this lone federal claim is properly dismissed, no fundamental basis would remain for the Court to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, and the action should be dismissed, in its entirety, on this basis alone. But even if the Court were inclined to address Plaintiff's state-law claims on the merits, each of those claims still fails to state a claim under Rule 12(b)(6) for the additional reasons articulated in Point IV, below.

Finally, to the extent that any of Plaintiff's claims survive these clear grounds for dismissal, any such claim would also fail, as a matter of law, as a result of Plaintiff's failure to satisfy the

pleading requirements established by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their progeny, as demonstrated below in Point V.

For all of the reasons contained in this memorandum of law, as well as the reasons set forth in Defendants' other motion papers, Defendants respectfully request that the Court issue an order dismissing Plaintiff's Complaint, in its entirety and as a matter of law, under Federal Rules of Civil Procedure 12(b)(2) and/or 12(b)(6).

## ARGUMENT

### I. THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS.

"Because federal courts, unlike their state counterparts, are courts of limited jurisdiction, it is incumbent upon the plaintiff to demonstrate that jurisdiction is appropriate." *Randall v. Davin*, 2013 U.S. Dist. LEXIS 168223, at *6 (W.D. Pa. Nov. 26, 2013). "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to establish that jurisdiction is proper." *Id.* (quoting *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). "If the plaintiff establishes a *prima facie* case of personal jurisdiction, then the burden shifts to the defendant to demonstrate that the exercise of personal jurisdiction is unreasonable." *Id.* (citing *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 324 (3d Cir. 2007)). For the reasons discussed below, Defendants submit that Plaintiff has failed to establish a *prima facie* case that this Court has personal jurisdiction over any of the Defendants.

"District courts may assert personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Id.* at *6-7 (citing *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001)). Under applicable Pennsylvania law, this Court may exercise personal jurisdiction over Defendants only if each is found to have sufficient "minimum

4

contacts" with the forum. *See id.* Those contacts "must be based on 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within Pennsylvania, thus invoking the benefits and protections of its law.'" *Id.* at *7 (quoting *Remick*, 238 F.3d at 255). The Complaint fails to allege that *any* of the Defendants had sufficient minimum contacts with the Commonwealth of Pennsylvania to justify the exercise of personal jurisdiction in this action.

Although there are two theories of jurisdiction (general and specific), only specific jurisdiction is at issue here.[2] "[S]pecific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant 'should reasonably anticipate being haled into court' in that forum." *Remick*, 238 F.3d at 255 (citation omitted). "This inquiry is fact-intensive and consists of three steps: first, the court asks whether the defendant has purposefully directed his activities at the forum; second, the court asks whether the claims arise out of or relate to those specific activities; and finally, the court must determine whether the assertion of jurisdiction otherwise comports with traditional notions of fair play and substantial justice." *Randall*, 2013 U.S. Dist. LEXIS 168223, at *8 (citing *O'Connor*, 496 F.3d at 317). In this case, based on the bare allegations in the Complaint, the answer to all three inquiries is "no," for each Defendant.

The Complaint does not allege that any Defendant ever travelled to Pennsylvania, met with Plaintiff in Pennsylvania, or took any other affirmative steps within Pennsylvania that might trigger personal jurisdiction. Rather, it alleges only that Plaintiff maintained a home office in Berks County, Pennsylvania, and performed work for Defendant PKS out of that home office.[3]

---

[2] Under Pennsylvania law, general jurisdiction exists only if the defendant is served with process in Pennsylvania, is domiciled in Pennsylvania, or has consented to jurisdiction in Pennsylvania. *See* 42 Pa. C.S. § 5301. None of these circumstances exists here.

[3] In this regard, Plaintiff's allegation that PKS operated an office in Pennsylvania by virtue of Plaintiff working from her home there—an arrangement made solely for her convenience—is disingenuous at best.

*See* Dkt. 1, ¶¶ 32-33. Presumably, at times, this work involved communications (via e-mail and telephone) with other PKS employees, all of whom were located out-of-state.

But these allegations, standing alone, are insufficient to establish personal jurisdiction. Phone calls and e-mails sent to someone in Pennsylvania from outside the state, without more, are insufficient to create personal jurisdiction. *See, e.g., Randall*, 2013 U.S. Dist. LEXIS 168223, at *14-15 ("[Defendant] cannot be found to have purposefully directed his activities at this jurisdiction by placing a cellular telephone call or sending an email when [Defendant] had no control over whether [Plaintiff] received it in Cleveland, Ohio, Pittsburgh, Pennsylvania, Knoxville, Tennessee, or somewhere else."). Similarly, the fact that Plaintiff made the unilateral decision to locate her home office within Pennsylvania does not trigger jurisdiction. *See id.* at *15 (holding that "[the plaintiff's] unilateral decision regarding where to locate [her] home-based business" in Pennsylvania did not trigger personal jurisdiction "[e]ven in [the defendant] was aware of this fact"); *see also Connell v. CIMC Intermodal Equip.*, 2016 U.S. Dist. LEXIS 166256, at *8 (M.D. Pa. Dec. 2, 2016) (finding the fact that the plaintiff worked out of a home office within Pennsylvania insufficient to justify exercise of personal jurisdiction over the employer defendant).

Finally, even if personal jurisdiction could be established over PKS or any other Corporate Defendant, there would still be no basis for personal jurisdiction over any of the Individual Defendants. Courts in this Circuit have been clear that "nonresident individuals acting in their corporate capacity in a state are not subject to personal jurisdiction in the courts of that state as a result of their actions." *Swofford v. Scicor, Inc.*, 1991 U.S. Dist. LEXIS 16421, at *5 (E.D. Pa. Nov. 8, 1991).

There is but one narrow exception to this rule, which applies only when individuals engaged in tortious conduct, as defined by 42 Pa. C.S. § 5322(a)(4). But that exception does not

6

apply here for two reasons. *See id.* First, the Complaint does not contain specific allegations that any of the Individual Defendants engaged in any tortious conduct in Pennsylvania. Second, "[i]n order for this exception to comport with the requirements of due process," each individual defendant over which jurisdiction is sought "must have sufficient minimal contacts with the forum, *on an individual basis*, to be subject to personal jurisdiction." *Id.* at *5-6 (emphasis in original). The Complaint fails to allege that *any* of the Individual Defendants had sufficient minimum contacts with Pennsylvania.

For these reasons, the Complaint should be dismissed, in its entirety, for lack of personal jurisdiction over Defendants, pursuant to Fed. R. Civ. P. 12(b)(2).

## II. PLAINTIFF'S WHISTLEBLOWER CLAIM IS PRECLUDED BECAUSE SHE NEVER REPORTED ANY ALLEGED VIOLATIONS OF LAW TO THE SEC.

The Supreme Court very recently held that "[t]o sue under Dodd-Frank's anti-retaliation provision, a person must first 'provide…information relating to a violation of the securities laws to the [Securities and Exchange] Commission.'" *Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 772 (2018) (quoting 15 U.S.C. § 78u-6(a)(6)). Specifically, the Court held that the statute unambiguously defined the term "whistleblower" to include only those individuals who first report suspected violations to the SEC. *Id.* at 777. Any individual who failed to report alleged violations to the SEC before proceeding directly to court "falls outside the protected category of 'whistleblowers,'" and is therefore "ineligible to seek redress under the statute, regardless of the conduct in which that individual engages." *Id.*

Following this holding, at least one court in this Circuit has recently dismissed a complaint under circumstances directly analogous to those of this case.[4] Specifically, in *Price v. UBS*

---

[4] Similarly, district courts in other circuits have recently dismissed retaliation claims brought under Dodd-Frank where the plaintiff failed to qualify as a "whistleblower" under the recent pronouncement in *Digital Realty*. *See, e.g., Johnson v. AmeriGas Propane, L.P.*, 2018 U.S. Dist. LEXIS 84379 (N.D.N.Y. May 21, 2018) (holding that internal complaint

7

*Financial Services*, the district court dismissed a whistleblower claim brought under the Dodd-Frank Act where, as here, "Plaintiff does not allege that he reported any information to the SEC prior to his termination." 2018 U.S. Dist. LEXIS 66200, at *6 (D.N.J. Apr. 19, 2018). The plaintiff in that case did allege, as Plaintiff has done here, that a report was made to FINRA; but that did not change the outcome. Citing the Supreme Court's "unequivocal" holding in *Digital Realty*, the court noted that reporting to FINRA "plainly does not meet the statutory requirement" of reporting to the SEC. *Id.* at *5-6. Thus, the Court held that "[p]laintiff does not meet the definition of 'whistleblower' under Dodd-Frank," and dismissed the plaintiff's Dodd-Frank claim with prejudice. *Id.* at *6.

The same outcome must follow here. Like in *Price*, Plaintiff alleges only that she reported alleged wrongdoing to FINRA. *See* Dkt. 1, ¶ 63. The Complaint is devoid of any allegation that Plaintiff ever made a report to the SEC. "The disposition of this case is therefore evident: [Plaintiff] did not provide information 'to the Commission' before [her] termination…so [s]he did not qualify as a 'whistleblower' at the time of the alleged retaliation. [S]he is therefore ineligible to seek relief under §78u-6(h)." *Digital Realty*, 138 S. Ct. at 778.

Accordingly, Plaintiff's First Cause of Action—the only federal claim asserted in the Complaint—must be dismissed, as a matter of law.

### III. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

As discussed above, Plaintiff's whistleblower claim, brought under § 78u-6 of the Dodd-Frank Act, must be dismissed because Plaintiff does not qualify for whistleblower protection under the unambiguous terms of the statute, as expressly (and unanimously) held by the Supreme Court

---

and post-termination external complaint did not trigger Dodd-Frank whistleblower protection); *Neely v. Boeing Co.*, 2018 U.S. Dist. LEXIS 81771 (W.D. Wash. May 15, 2018) (dismissing Dodd-Frank claim where complaint failed to allege that plaintiff had reported alleged misconduct to the SEC).

8

in *Digital Realty*. That claim is the only federal claim in this action. Once it is dismissed, this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See, e.g., Johnson*, 2018 U.S. Dist. LEXIS 84379, at *16 ("Having found, however, that all of Plaintiff's federal claims…are subject to dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims.") (citing 28 U.S.C. § 1367(c)(3)); *see generally Goodwin v. Seven-Up Bottling Co.*, 1996 U.S. Dist. LEXIS 15448, at *16 (E.D. Pa. Oct. 18, 1996) ("Case law supports declining supplemental jurisdiction when federal claims have been dismissed.").

## IV.     IN THE ALTERNATIVE, PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Should this Court decide to retain jurisdiction over Plaintiff's state-law claims, all three should still be dismissed, pursuant to Rule 12(b)(6), because each fails to state a plausible claim upon which relief could be granted.

### A.     Plaintiff's Wrongful Termination Claim Should Be Dismissed.

Plaintiff's Second Cause of Action, alleging wrongful termination in violation of public policy, should be dismissed for the same reasons as her federal claim (*see* Point II). This claim is based entirely on Plaintiff's allegation that Defendants terminated her employment in violation of Dodd-Frank's anti-retaliation provisions. *See* Dkt. 1, ¶ 91. As discussed *supra*, however, Plaintiff does not qualify for whistleblower protection under Dodd-Frank, and, as a matter of law, Defendants could not have violated that Act by terminating her employment.

Moreover, "Pennsylvania courts have repeatedly rejected claims that a private employer…violated public policy by firing an employee for whistleblowing, when the employee was under no legal duty to report the acts at issue.'" *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 112 (3d Cir. 2003) (quoting *Donahue v. Fed. Express Corp.*, 753 A.2d 238, 244 (Pa. Super.

2000)). In *Spyridakis v. Riesling Group, Inc.*, for example, plaintiff alleged that her former employer "contravened public policy by terminating her employment for reporting to the government unlawful conduct." 398 Fed. App'x 793, 799 (3d Cir. 2010). The Third Circuit affirmed the district court's dismissal of that cause of action, noting that applicable precedent "precludes a wrongful discharge claim based upon a plaintiff reporting alleged wrongful or illegal activity." *Id.*

Thus, even if the Court decides to exercise supplemental jurisdiction over Plaintiff's state-law claims, her Second Cause of Action must be dismissed.

> **B.** **Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing Claim Should Be Dismissed.**

Plaintiff's Third Cause of Action, which is also brought under Pennsylvania law, alleges that Defendants violated an implied covenant of good faith and fair dealing by terminating her (at will) employment.[5] This claim must also be dismissed, however, because Pennsylvania courts have unambiguously held that former employees "cannot as a matter of law maintain an action for breach of the implied duty of good faith and fair dealing, insofar as the underlying claim is for termination of an at-will employment relationship." *Donahue v. Federal Express Corp.*, 753 A.2d 238 (Pa. Super. May 9, 2000); *see also Spyridakis*, 398 Fed. App'x at 800 ("[B]ecause a plaintiff 'cannot as a matter of law maintain an action for breach of the implied duty of good faith and fair dealing, insofar as the underlying claim is for termination of an at-will employment relationship,' we will also affirm the dismissal of the claim for breach of the contractual duty of good faith and fair dealing") (quoting *Donahue*, 753 A.2d at 243).

---

[5] Notably, Plaintiff's Complaint is devoid of any allegation that she had a contract of employment with PKS for any specific duration or that her employment relationship with PKS was anything other than at-will.

Accordingly, Plaintiff's Third Cause of Action must be dismissed for failure to state a claim under Rule 12(b)(6).

### C. Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed.

Plaintiff's Fourth Cause of Action, alleging intentional infliction of emotional distress (or "IIED"), must also fail for two reasons. First, in Pennsylvania, "[t]he Worker's Compensation Act provides the exclusive remedy for all employees' work-related injuries." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 400 (E.D. Pa. Dec. 31, 2002) (citing 77 Pa. C.S. § 1, *et seq.*). The limited exception to that rule, known as the personal animus exception, applies only if the conduct alleged is "sufficiently unrelated to the work situation so as not to arise out of the employment relationship." *Id.* (quoting *Fugarino v. Univ. Servs.*, 123 F. Supp. 2d 838, 844 (E.D. Pa. 2000)). It does not apply here, where Plaintiff expressly alleges that the alleged conduct arose directly out the employment relationship. *See id.*

Second, "[i]n Pennsylvania, a cause of action for intentional infliction of emotional distress will lie only in rare circumstances." *Van Cleve v. Nordstrom, Inc.*, 64 F. Supp. 2d 459, 464 (E.D. Pa. Sept. 10, 1999). The "gravamen" of such a claim "is that the conduct complained of must be of an extreme or outrageous type." *Id.* "Pennsylvania courts have been chary to declare conduct outrageous so as to permit recovery for intentional infliction of emotional distress and have allowed recovery only in limited circumstances where the conduct has been clearly outrageous." *Id.*

This is especially so where, as here, the conduct at issue arises in the employment context. "The case law makes clear that 'it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of

intentional infliction of emotional distress.'" *Id.* (quoting *Cox v. Keystone Carbon*, 861 F.2d 390, 395 (3d Cir. 1988)).

The Complaint simply fails to allege facts sufficient to give rise to an IIED claim. The conduct alleged, all of which is directly related to Plaintiff's employment, simply does not rise to the level of outrageousness that would give rise to an actionable claim for intentional infliction of emotional distress. *See id.*

For these reasons, as with her other state-law claims, Plaintiff's IIED claim fails, as a matter of law, and should be dismissed under Rule 12(b)(6).

## V. PLAINTIFF'S CLAIMS AGAINST ALL DEFENDANTS OTHER THAN HER DIRECT EMPLOYER SHOULD BE DISMISSED.

The crux of Plaintiff's Complaint alleges that her employment with PKS was unlawfully terminated in retaliation for her alleged complaints about certain events at PKS. The Complaint, however, fails to make any specific allegations of wrongdoing against any other Corporate Defendant, and makes only conclusory and speculative allegations against some of the Individual Defendants. Based on the pleading requirements established by the Supreme Court precedent in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their progeny, even if the Court were to find that it has personal jurisdiction over any of the Defendants, Plaintiff's claims against most (if not all) of the Defendants should still be dismissed under Rule 12(b)(6) for failure to state a claim.

Indeed, the Supreme Court has made clear that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* As the Supreme Court further held in *Twombly*, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of

12

the elements of a cause of action will not do." 550 U.S. at 555. Following these pronouncements from the Supreme Court, other federal courts, including the Third Circuit, have consistently held that "conclusory bare-bones allegations will no longer survive a motion to dismiss." *Warren Gen. Hosp. v. Amgen Inc.,* 643 F.3d 77, 84 (3d Cir. 2011).

Yet conclusory, bare bones allegations are all that Plaintiff offers here. Most strikingly, the Complaint contains no specific allegations of wrongdoing whatsoever against Corporate Defendant PKS Holdings, LLC, as well as Individual Defendants Lisa LaFond or Peter Sheehan. The Complaint should be dismissed, as asserted against these Defendants, for this reason alone. *See generally Wheeler v. Beard*, 2005 U.S. Dist. LEXIS 15842, at *51 (E.D. Pa. Aug. 3, 2005) (dismissing certain named defendants from a case where there were "no allegations of wrongdoing" by those defendants).

To the extent that the Complaint attempts to make allegations against the other Defendants, it does so merely in bare bones, conclusory fashion—based solely on speculation and conjecture. For example, the only material allegation in the Complaint (conspicuously made upon information and belief) against Corporate Defendants MHC Securities, LLC and Wentworth Management, LLC, as well as Individual Defendants Alex Markowits and Ryan Morfin, is that Defendant Katherine Flouton was referring to them when she purportedly informed Plaintiff that the "new owners" had decided to terminate Plaintiff's employment. *See* Dkt. 1, ¶¶ 69-70. Notably, the Complaint does not contain any allegations regarding who, specifically, was involved in the decision to terminate Plaintiff's employment—despite the fact that it purports to identify the precise reason why she was allegedly terminated. Nor does the Complaint allege that any of the Individual Defendants, specifically including Mr. Markowits and Mr. Morfin, were aware of the protected activity that she claims to have engaged in by making a report to FINRA.

Thus, Plaintiff's conclusory allegations regarding the decision to terminate her employment—including who purportedly made that decision and why—are based on nothing more than sheer speculation on her part. But such speculation is insufficient to satisfy Plaintiff's pleading requirements. *See Gold v. Ford Motor Co.*, 577 Fed. App'x 120, 123 (3d Cir. 2014) (holding that "speculation is insufficient under *Twombly/Iqbal* and Rule 12(b)(6)"); *see also Parker v. Pennstar Bank, NBT*, 436 Fed. App'x 124, 127 (3d Cir. 2011) ("[W]e note that [plaintiff] relies in large part on conclusory statements and unfounded speculation. These types of allegations are typically insufficient to state a claim."). Accordingly, Plaintiff's purely speculative claims against Corporate Defendants MHC and Wentworth, as well as Individual Defendants Markowits and Morfin, must be dismissed, as a matter of law.

Similarly, the only allegation made against Individual Defendant David Purcell is that he had a phone conversation with Plaintiff during which he told her that she was free to report any alleged violations or resign. *See* Dkt. ¶¶ 65-67. The allegations against J. Peter Purcell, likewise, consist simply of one occasion where Mr. Purcell allegedly hung up the phone on Plaintiff. *See id.* at ¶¶ 57-58. The allegations against Defendant Katherine Flouton are similarly conclusory and merely amount to a claim that the she informed Plaintiff of the decision to terminate her employment. *See, e.g.,* Dkt. 51. Such conclusory allegations are insufficient to state a plausible cause of action. *See Twombly*, 550 U.S. at 555 (holding that a pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do"); *Harris v. St. Joseph's Univ.*, 2014 U.S. Dist. LEXIS 65452, at *10 (E.D. Pa. May 12, 2014) ("Conclusory allegations such as these, with no clear averments" are insufficient to survive a motion to dismiss).

Thus, in the end, even if any of Plaintiff's claims were to survive dismissal based on the grounds set forth above (which they should not), any remaining claims would still be subject to

dismissal for failure to state a plausible claim under the standards established in *Iqbal*, *Twombly*, and subsequent federal cases applying and interpreting Rule 12(b)(6).

## CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that the Court issue an order dismissing Plaintiff's Complaint, in its entirety and as a matter of law, under Federal Rules of Civil Procedure 12(b)(2) and/or 12(b)(6).

Dated: August 24, 2018                                        Respectfully submitted,

**JACKSON LEWIS P.C.**

By:   */s/ Stephanie J. Peet*
         Stephanie Peet (PA #91744)
         Three Parkway
         1601 Cherry Street, Suite 1350
         Philadelphia, PA 19102
         T: (267) 319-7802
         F: (215) 399-2249
         stephanie.peet@jacksonlewis.com

         *ATTORNEYS FOR DEFENDANTS*

## **CERTIFICATION OF SERVICE**

I hereby certify that on this 24th day of August 2018, I caused true and correct copies of the foregoing Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint, along with a Certification of Service, to be served upon the following via the Court's ECF system:

J. Patrick Griffin, Esq.
Derek Smith Law Group, PLLC
1845 Walnut Street, Suite 1601
Philadelphia, PA 19146
patrick@dereksmithlaw.com
*Attorneys for Plaintiff*

*/s/ Stephanie J. Peet*
Stephanie J. Peet, Esq.